| |
|---|
| **Leone v Brown Forman Corp.** |
| 2025 NY Slip Op 32444(U) |
| July 11, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 151627/2019 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. MARY V. ROSADO**      PART      **33M**

*Justice*

-------------------------------------------------------------------------X

DONALD LEONE,

                     Plaintiff,

              - v -

BROWN FORMAN CORPORATION,

                     Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 151627/2019 |
| **MOTION DATE** | 11/15/2024 |
| **MOTION SEQ. NO.** | 007 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 007) 123, 124, 125, 126, 127, 128, 129, 130, 137, 138, 139, 141, 146, 147, 148, 149, 150, 151, 152

were read on this motion to/for             ATTORNEY - FEES          .

Upon the foregoing documents, and after oral argument, which took place on February 5, 2025, where Stewart Lee Karlin, Esq. and Daniel E. Dugan, Esq. appeared for Plaintiff Donald Leone ("Plaintiff") and Rosemary Alito, Esq. and Callie Ives, Esq. appeared for Defendant Brown Forman Corporation ("Defendant"), Plaintiff's motion for attorneys' fees, costs and disbursements pursuant to NYC Admin. Code § 8-502(g) is granted in part and denied in part.

## I.    Background

In this case, after a five-day trial, on September 18, 2024, the jury returned a verdict that same day. The jury found Plaintiff was not discriminated against based on age or disability, and he was not subjected to a hostile work environment. However, the jury found Defendant retaliated against Plaintiff for complaining about discrimination and awarded him $1,005,000 in lost back earnings and $600,000 in lost incidental employment compensation. In motion sequence 006, Defendant moved to set aside the verdict or for a new trial, which was granted solely to the extent that Plaintiff's $600,000 incidental damages award was reduced to $130,000. Now, as the prevailing party, Plaintiff moves for attorneys' fees under NYC Admin. Code § 8-502(g).

---

**151627/2019  LEONE, DONALD vs. BROWN FORMAN CORPORATION**         **Page 1 of 10**
**Motion No.  007**

[* 1]

Defendant opposes and argues Plaintiff's proposed rates are too high, and that Plaintiff is impermissibly seeking fees for duplicative and vague billing. For the foregoing reasons, the motion is granted in part and denied in part.

## II. Discussion

### A. Standard

Pursuant to New York City Human Rights Law § 8-502(g), a court "may award the prevailing party reasonable attorney's fees, expert fees and other costs." Moreover, "[t]he court shall apply the hourly rate charged by attorneys of similar skill and experience litigating similar cases in New York County when it chooses to factor the hourly rate into the attorney's fee award." The lodestar method is often used in New York courts, which is determined based on a reasonably hourly rate multiplied by a reasonable number of hours billed (*Isaly v Garde*, 83 Misc.3d 379, 393-394 [Sup. Ct., NY Co. 2024]). The United States Supreme Court relies on a twelve-factor test to determine the lodestar fee:

> "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (60 whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases" (*Hensley v Eckerhart*, 461 US 424, 429 n. 3 [1983]).

Further, it is well established that:

> "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.... Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority" (*Marchuk v Faruqi & Faruqi LLP*, 104 F.Supp.3d 363, 370 [SDNY 2015] quoting *Hensley v Eckerhart*, 461 US 424, 434 [1983] [internal quotations omitted]).

**151627/2019   LEONE, DONALD vs. BROWN FORMAN CORPORATION**
**Motion No. 007**

**Page 2 of 10**

## B. Reasonable Hourly Rate

Plaintiff's request for an hourly rate for Stewart Lee Karlin, Esq. ("Mr. Karlin") of $900.00 and an hourly rate for Daniel E. Dugan, Esq. of $700.00 is denied. This was a rather short trial, and the questions raised were not particularly novel or difficult. Motion practice was not extensive, and there were not numerous parties represented by different counsel adding to the complexity of the case. While the facts by no means presented a "slam dunk" case, the facts likewise did not make the case undesirable as Plaintiff was a six-figure earner at the time of his termination; he was terminated close to retirement, shortly after a medical diagnosis, and after spending over thirty years with the same company. Moreover, the Court finds the two-page affirmation of Neal H. Rosenberg, offered in support of the fee application to be conclusory and not very probative (NYSCEF Doc. 124). Mr. Rosenberg apparently shares an office with Mr. Karlin and Mr. Dugan, and states he represents teachers in employment discrimination claims, but fails to opine on any cases like Plaintiff's employment discrimination case, let alone a reasonable fee for the particulars of Plaintiff's case at all.

In support of his application, Mr. Karlin did not submit a resume, however he provides an affirmation detailing his litigation experience. He is well-experienced in civil rights and employment discrimination litigation and has ran his own law firm since 2011. He also has extensive trial experience. Mr. Dugan likewise failed to submit a resume. His affirmation shows he has been admitted to the bar since 2012 and has devoted the vast majority of his practice to employment discrimination litigation.

Given a holistic review of the docket, the arguments made, a review of analogous precedent, and the Court's observations of counsel at trial, the Court awards Mr. Karlin a $600.00 hourly rate and Mr. Dugan a $450.00 hourly rate (*see also HomeAway.com, Inc. v City of New*

**151627/2019   LEONE, DONALD vs. BROWN FORMAN CORPORATION**
**Motion No. 007**

Page 3 of 10

[* 3]

3 of 10

*York*, 523 F Supp 3d 573, 597 [SDNY 2021] [awarding lead trial counsel, who was Gibson Dunn partner who had been in practice for almost thirty years $650.00 an hour, second chair who served as deputy chief of Criminal Division of SDNY's US Attorney's office $600.00 an hour, and third partner $500.00 an hour]).

### C. Reasonable Hours Expended

#### i.    Mr. Karlin's hours

##### a.  Excessive or Duplicative Hours and Block Billing

The Court only provides discussion and analysis on those hours which it reduces or denies. The Court removes the entry by Mr. Karlin dated February 13, 2019 (NYSCEF Doc. 126) which reads "Final Proofread of Summons and Complaint Filed Via NYSCEF by Stewart Karlin" and bills .5 hours. Mr. Karlin already billed .4 hours on February 7, 2019 for "review and Finalize complaint" and another .3 hours on February 10, 2019 for "Complaint finalized." Duplicative billing is not allowed (*Ousmane v City of New York*, 22 Misc.3d 1136[A] [Sup. Ct. NY Co. 2009]). Mr. Karlin entered three billing entries for the same event. While the Court can understand finalizing and proofreading a complaint over one or two days, entering three entries is a sign of overbilling. Therefore, the February 13, 2019 entry for .5 hours is denied. Likewise, the 8.5 hours billed from March 12-13, 2020 and March 27, 2020 for "review and digest plaintiff deposition transcript" is excessive and is reduced to 4.00 hours. Similarly, the 15.9 hours spent researching and drafting a motion for an out of state subpoena from October 31, 2020 through November 4, 2020 is excessive and is reduced to 4.5 hours. The 5.7 hours billed from January 10-11, 2021 for a motion to extend the note of issue is excessive and reduced to 2.5 hours.

The June 26, 2021 through June 28, 2021 "draft of response to statement of material facts" entries, which billed 14.5 hours for drafting an 11-page response is excessive and reduced to 10.00

**151627/2019   LEONE, DONALD vs. BROWN FORMAN CORPORATION**
**Motion No. 007**

**Page 4 of 10**

4 of 10

hours. The 42.4 hours billed from June 28, 2021 through July 9, 2021 for drafting a memorandum of law and affidavit, and revising the statement of material facts to oppose a motion for summary judgment is excessive and is reduced to 30.00 hours. Similarly, the 9.6 hours spent from May 2, 2022, through May 4, 2022 preparing for oral argument is excessive and is reduced to 6.00 hours.

To the extent the September 6, 2024 entry, which billed 9.3 hours for "Trial prep[aration] with Donald Leone, confer with co-counsel Daniel Dugan regarding all aspects of trial…" seeks compensation for inter-office conferences, this is not allowed. Therefore the Court reduces this entry to 3.00 hours.[1] The same applies to the September 7, 2024 entry which block bills for several tasks, including "confer with Dugan regarding all aspects of case including organizing exhibits" and seeks compensation for 7.10 hours. This is reduced to 3.00 hours to compensate for potentially billable tasks included in the block bill. The block billing which includes inter-office conferencing is also included in the September 11, 2024 entry which seeks compensation for 13.00 hours. This is reduced to 10.00 hours, as this entry also bills for attending trial and preparing before trial. The September 12-13 and 16, 2024 entries suffer the same defects. The September 12 and 16 entries are reduced to 10.00 hours each and the September 13 entry is reduced to 8.00 hours. The September 17 and 18 entries are likewise all reduced to 8.00 hours.

Therefore, in total, the Court reduces Mr. Karlin's requested hours by 67.15 for excessive, duplicative, and block billing.

## b. Administrative Tasks

The .1 hours billed on February 13, 2019 to "Affidavit of Service Filed Via NYSCEF by Stewart Karlin" is denied as the filing of an affidavit of service is an administrative task that may

---

[1] Plaintiff already spent multiple days preparing his client prior to this entry, so the Court assumes the bulk of this entry was for conferring with co-counsel. As Plaintiff has block billed, there is no way for this Court to know for sure, and Plaintiff may not be rewarded for vague block billing.

**151627/2019  LEONE, DONALD vs. BROWN FORMAN CORPORATION**                    **Page 5 of 10**
**Motion No. 007**

5 of 10

not be billed at a lawyer's rate (*see, e.g. Matter of Persaud*, 70 Misc.3d 1221[A] at *2 [Sup. Ct., Queens Co.2021] [administrative or ministerial tasks to which little to no detail is provided cannot be compensated]). For the same reason, the:

- May 3, 2019 "preliminary conference request filed via NYSCEF;"

- the June 5, 2019 "calendar dates from PC;"

- the November 8, 2019 "stipulation filed by Stewart Karlin;"

- the January 28, 2020 "Notice of Appearance filed by Dugan;"

- the March 5, 2020 "Arrange process server for service on Leo Mueller and Stanley Goldshteyn;"

- the three May 1, 2020 entries for "notice of filing uploaded to NYSCEF by Stewart Karlin;"

- the September 15, 2020 "upload to NYSCEF... Regarding stipulation and order extending deadlines and calendar same;"

- the September 15, 2020 "email notification form NYSCEF regarding stipulation – discovery filed by Stewart Karlin;"

- the November 25, 2020 "stipulation filed on NYSCEF;"

- the May 27, 2021 "stipulation – request to so order filed on NYSCEF."

- and the June 24, 2021 "stipulation – adjournment of motion filed on NYSCEF" entries are also denied.

Therefore, the Court reduces Mr. Karlin's requested hours by 3.2 for billing for non-compensable administrative tasks.

**151627/2019   LEONE, DONALD vs. BROWN FORMAN CORPORATION**
**Motion No. 007**

**Page 6 of 10**

6 of 10

[* 6]

### c. Supplemental Fee Application and Post Trial Motion

Mr. Karlin submitted a supplemental fee application for time expended opposing Defendant's post-trial motion (NYSCEF Doc. 148). The Court finds the time entries billed for opposing the post-trial motion are reasonable and non-duplicative, and therefore none of those hours are reduced. However, Mr. Karlin's time entries related to this fee application overlap with Mr. Dugan's entries. Moreover, the Court finds it is unreasonable for Mr. Karlin, the senior partner, to be billing for the preparation of the fee application, which could easily be handled by his junior associate, Mr. Dugan. Therefore, the 3.5 hours billed on November 8, 2024, the 6.6 hours billed on November 11, 2024, the 7.2 hours billed on November 12, 2024, the 5.5 hours billed on November 13, 2024 are denied. Therefore, the Court reduces Mr. Karlin's fee application by a further 22.8 hours.

### d. Total Fees Awarded to Mr. Karlin

Therefore, the Court removes 93.15 hours from Mr. Karlin's requested total of 580.2 hours, leaving 487.05 compensable hours. Applying the hourly rate of $600.00 per hour, Mr. Karlin is entitled to a fee award of $292,230.00 for litigating this case through verdict and post-trial motions from November 21, 2018 through February, 5, 2025.

### Fees Requested vs. Fees Awarded

| Name | Requested Rate | Adjusted Rate | Requested Hours | Adjusted Hours | Requested Total | Adjusted Total |
|------|-------|-------|-------|-------|-------|-------|
| Stewart Lee Karlin, Esq. | $900 | $600 | 580.2 | 487.05 | $528,608.55 | $292,230.00 |

### ii. Mr. Dugan's Hours

Parties may not be compensated for duplication of services or familiarization with a case which the firm has handled since inception (*Houston v Cotter*, 234 F.Supp.3d 392, 409 [EDNY 2017]). Therefore, the entries from August 13, 2024, August 14, 2024, August 22, 2024, August

**151627/2019  LEONE, DONALD vs. BROWN FORMAN CORPORATION**                    **Page 7 of 10**
Motion No. 007

[* 7]                                                       7 of 10

26, 2024, August 27, 2024, August 28, 2024, and August 30, 2024 for reviewing deposition transcripts which had already been digested by Mr. Karlin and the vague review of "case file" are rejected. Likewise, the administrative task of preparing trial binders and organizing exhibits is not compensable for an attorney.

The 18.5 hours spent between September 6 and September 7, 2024, researching and drafting jury instructions and "confer[ing] with [Mr.] Karlin" are either excessive or non-compensable. The Plaintiffs' attorneys have affirmed in support of their fee application they are experienced employment discrimination lawyers and if that is the case there is no need to spend over 18 hours researching and drafting pattern jury instructions. Therefore, the total amount billed for these two days collectively will be reduced to four hours.

The September 11, 2024 entry is a vague block bill for 14.3 hours which is excessive and is reduced to 8.00 hours. The September 12, 2024 entry is a vague block bill with 14.6 hours for, amongst other things "Prep before trial – attend Trial/Jury, attendance at trial, confer with co-counsel Daniel Dugan (*sic*)-continued prep after trial". This entry is excessive and improper is reduced to 8.00 hours. The same issue exists with the September 13, 2024 entry which bills 13.6 hours for, amongst other things "confer with co-counsel and client" – this entry is cut to 8.00 hours. September 16, 2024 entry suffers the same infirmity: it block bills 14.1 hours and seeks compensation for conferring with co-counsel and is therefore reduced to 8.00 hours. Likewise, the .3 hours billed on December 13, 2024 for conferring with Mr. Karlin regarding edits to motion papers is non-compensable inter-office discussions.

Since the Court denied Mr. Karlin's requested hours in preparing for the fee application, the Court grants Mr. Dugan's 17.1 hours spent on this fee application memorialized in the October 4, 2024, November 4, 2024, November 12, 2024 and November 14, 2024 entries (*see also*

**151627/2019   LEONE, DONALD vs. BROWN FORMAN CORPORATION**          **Page 8 of 10**
**Motion No. 007**

8 of 10

[* 8]

*McIntyre v Manhattan Ford, Lincoln-Mercury, Inc.*, 176 Misc2d 325, 331 [Sup. Ct., New York County 1997]).

Therefore, the Court reduces 74.9 hours as duplicative, excessive, vague, and non-compensable. Mr. Dugan's hours are reduced from 256.4 hours to 181.5 hours. At an hourly rate of $450.00, Mr. Dugan is entitled to a fee award of $81,675.00 for his involvement in litigating this case from August 2024 through February 2025.

### Fees Requested vs. Fees Awarded

| Name | Requested Rate | Adjusted Rate | Requested Hours | Adjusted Hours | Requested Total | Adjusted Total |
|---|---|---|---|---|---|---|
| Daniel Dugan, Esq. | $700 | $450 | 256.4 | 181.5 | $179,480.00 | $81,675.00 |

### iii.    Total Fees Awarded

The total fees awarded to Plaintiff are summarized in the following table:

| Name | Requested Rate | Adjusted Rate | Requested Hours | Adjusted Hours | Requested Total | Adjusted Total |
|---|---|---|---|---|---|---|
| Stewart Lee Karlin, Esq. | $900 | $600 | 580.2 | 487.05 | $528,608.55 | $292,230.00 |
| Daniel Dugan, Esq. | $700 | $450 | 256.4 | 181.5 | $179,480.00 | $81,675.00 |
| Costs | | | | | $4,628.55 | $4,628.55 |
| Total | | | | | $712,717.10 | $378,533.55 |

Accordingly, it is hereby,

ORDERED that Plaintiff's motion for attorneys' fees is granted in part and denied in part; and it is further

ORDERED that Plaintiff's motion is granted to the extent that Mr. Karlin's is awarded $292,230.00 and Mr. Dugan is awarded $81,675.00 for a total award to Plaintiff's attorneys of $373,905.00, and $4,628.55 in costs; and it is further

**151627/2019   LEONE, DONALD vs. BROWN FORMAN CORPORATION**                **Page 9 of 10**
**Motion No. 007**

9 of 10

[* 9]

ORDERED that in all other respects Plaintiff's fee application is denied; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of Plaintiff Donald Leone and against Defendant Brown Forman Corporation in the amount $378,533.55 for attorneys' fees and costs pursuant to NYC Admin. Code § 8-502(g); and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| _____7/11/2025_____ | | | | | _Mary V Rosado  J.S.C._ | | |
| DATE | | | | | HON. MARY V. ROSADO, J.S.C. | | |
| CHECK ONE: | x | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
| | | GRANTED | | DENIED | x | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

**151627/2019  LEONE, DONALD vs. BROWN FORMAN CORPORATION**
**Motion No.  007**

Page 10 of 10

10 of 10

[* 10]